By the Court.—Speir, J.
The contention on the trial related almost entirely to the question of the plaintiff’s title to the property as bona fide holders in the usual course of business. As the case, in my view, must depend upon the want of power in the marshal to take these goods under his warrant, it will not be necessary to consider any other question. The only justification pleaded, is the provisional warrant in bankruptcy. The warrant of seizure authorized the marshal to take possession of the property of the bankrupts, Lagrave and Otis, but not of any other person. While the marshal was acting within the command of the writ, he is protected ; but when in the execution of the writ he takes property belonging not to the bankrupt, but to another person, he is as much of a wrongdoer as if acting in a private capacity, and the act is not different from any other trespass (Mollison v. Eaton, 16 Min. R. 426).
It now seems to be well settled that the 40th section *315 of the bankrupt law confers no authority upon the court, on the filing a petition in the case of involuntary bankruptcy, to order the seizure of any property or effects, except such as belong to, and are in the possession of the debtor. No authority is conferred for ordering the seizure of property from the possession of a person to whom the debtor transferred it, prior to the filing of the creditor’s petition. The proceeding in bankruptcy is for the purpose of adjudging debtors as bankrupts, and distributing their assets among creditors. Circumstances may arise which render it necessary that other proceedings be instituted in which other persons shall become parties. Conflicting claims of title to property claimed to belong to the debtors arise, and actions at law, as in equity, must be instituted, in which persons claiming interests adverse to the debtor must become parties in order to determine their rights by due course of law. These actions, when instituted, are very different from the proceedings in bankruptcy, and may be instituted in the federal or state courts. In matter of' Alexander Hursthill (4 Benedict's R. 451), Mr. Justice Blatchfobd says : “Such proceedings must be taken by a pleading, making proper averments, and calling for an answer on which an issue raised can be tried, leading to a determination which the aggrieved party can have reviewed.”
The judgment must be reversed, with costs to the plaintiff to abide the event.
Sedgwick, J., concurred.